1
2
3              UNITED STATES DISTRICT COURT
4                    DISTRICT OF NEVADA
5                          * * *
6    LASHAWN L. TURNER-BEY,              Case No. 3:21-cv-00007-MMD-WGC
7                         Plaintiff,                      ORDER
8          v.
9    GARRETT, *et a*l.,
10                       Defendants.
11

12        On January 6, 2021, the Court issued an order directing Plaintiff Lashawn Turner-

13   Bey to file a fully complete application to proceed *in forma pauperis* or pay the full filing

14   fee of $402.00 on or before March 8, 2021. (ECF No. 3 at 2.) On January 21, 2021,

15   Plaintiff filed an incomplete application to proceed *in forma pauperis*. (ECF No. 4.) The

16   March 8, 2021 deadline has now expired and Plaintiff has not filed a fully complete

17   application to proceed *in forma pauperis* or paid the full $402.00 filing fee.

18        District courts have the inherent power to control their dockets and "[i]n the

19   exercise of that power, they may impose sanctions including, where appropriate . . .

20   dismissal" of a case. *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986).

21   A court may dismiss an action, with prejudice, based on a party's failure to prosecute an

22   action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v.*

23   *Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local

24   rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for

25   failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856

26   F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule

27   requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*,

28   833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court

order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air W*., Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that failure to obey the court's order results in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

The Court's order requiring Plaintiff to file an application to proceed *in forma pauperis* or pay the full filing fee on or before March 8, 2021 expressly stated: "IT IS FURTHER ORDERED that, if Plaintiff does not file a fully complete application to proceed *in forma pauperis* with all three documents or pay the full $402 filing fee for a civil action on or before *March 8, 2021*, this case will be subject to dismissal *without prejudice* for Plaintiff to refile the case with the Court, under a new case number, when Plaintiff has all three documents needed to file a complete application to proceed *in forma pauperis* or pays the full $402 filing fee." (ECF No. 3 at 3 (emphasis in original).) Plaintiff therefore had adequate warning that dismissal would result from noncompliance with the Court's

1  order to file a fully complete application to proceed *in forma pauperis* or pay the full filing

2  fee on or before March 8, 2021.

3          It is therefore ordered that this action is dismissed without prejudice based on

4  Plaintiff's failure to file a fully complete application to proceed *in forma pauperis* or pay

5  the full $402.00 filing fee in compliance with the Court's order dated January 6, 2021 (ECF

6  No. 3).

7          It is further ordered that Plaintiff's pending motion (ECF No. 4) is denied as moot.

8          The Clerk of Court is directed to enter judgment accordingly and close this case.

9  No additional documents will be filed in this closed case.

10          DATED THIS 15th Day of March 2021

11

12

13                                                   MIRANDA M. DU
                                                     CHIEF UNITED STATES DISTRICT JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3